**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

KIMBERLY REPPERT,

    Plaintiff,

v.                                                    Case No. 3:09cv11/LAC

WAL-MART STORES, INC.,

    Defendant.
_____/

## ORDER REMANDING CASE TO STATE COURT

THIS CAUSE comes before the Court on a notice of removal filed by Defendant in this cause. Upon *sua sponte* review, the Court finds subject matter jurisdiction lacking over Plaintiff's claims. Because the Court's subject matter jurisdiction is an issue that may be addressed at any time by the Court, this case will be remanded back to the Circuit Court in and for Okaloosa County, Florida.

Plaintiff brought a claim for wrongful employment termination under state law in the Okaloosa County Circuit Court, alleging only that her claim for damages exceeded that Court's jurisdictional amount of $15,000. Defendant removed the case to this Court based on diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1).

In its notice of removal, Defendant calculates that Plaintiff's prayer for damages as exceeding the $75,000.00 threshold necessary to establish diversity jurisdiction, but only after projecting the value of her claim for lost wages based upon Defendant's suppositions about how long it will take before the case is tried in this Court. As Defendant provides, Plaintiff earns a salary of approximately $16,000. Since she was terminated on September 15, 2006, or 28 months ago, her claim for lost wages would presently be valued at approximately $38,000. However, Defendant projects that by the time this case is brought to resolution, four years will have passed and that her claim for lost wages, coupled with her claim for attorney fees, would exceed the jurisdictional amount.

A defendant may remove a civil action brought in state court to federal court if the district court has original jurisdiction. *See* 28 U.S.C.A. § 1441(a). As the party invoking federal jurisdiction in a diversity case, Defendant has the burden of establishing that the threshold diversity amount has been met. *See Pacheco de Perez v. AT & T Co.*, 139 F.3d 1368, 1373 (11th Cir. 1998); *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996). The removal statutes should be construed narrowly, with all doubts resolved in favor of returning the matter to state court. *Diaz*, 85 F.3d at 1505; *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). When, as here, the complaint's demand for damages is not specific, removal is proper only if it is facially apparent from the complaint that the amount in controversy meets the requirement for jurisdiction. *See Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001). A preponderance of the evidence standard is applied. *See id.*; *Leonard v. Enterprise Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002).

Based upon review of the complaint and the notice of removal, it is clear that the value of the claim is presently less than the jurisdictional requisite. Defendant tries to remedy this shortfall by projecting ahead to what in Defendant's estimation the value of the claim might be at the conclusion of this lawsuit. This effort is unavailing, however, because assessment of the claim in support of removal must be made with reference to the facts as judged at the time of removal. *See Sierminski v. Transouth Financial Corp.*, 216 F.3d 945, 949 (11th Cir. 2000) (citing *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)).

Because Plaintiff's claims do not meet the requirements for diversity jurisdiction, the Court must remand the case to the state court. 28 U.S.C.A. § 1447(c); *see also* FED. R. CIV. P. 12(h)(3).

The Court's ruling in this matter may therefore be summarized as follows:

1. The above entitled action is **REMANDED** to the Circuit Court for Okaloosa County, Florida.

2. The Clerk is directed to send a certified copy of this order to the Clerk of the Circuit Court for Okaloosa County, Florida.

**ORDERED** on this 22nd day of January, 2009.

s/ *L.A. Collier*
Lacey A. Collier
Senior United States District Judge